UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOD RAO,<br><br>                   Petitioner,<br><br>v.<br><br>VISTA SUPERIOR COURT,<br><br>                   Respondent. | Case No.: 24cv1716 RSH (MSB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a San Diego Superior Court judgment of conviction and resultant sentence to two years of probation. ECF No. 1. For the reasons discussed below, the Court dismisses the case without prejudice.

**I.    FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

      Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed in forma pauperis. *See* R. 3(a), Rules Governing Section 2254 Cases (2019). As such, the instant case is subject to dismissal for failure to satisfy the filing fee requirement.

## II. BASIS FOR PETITION

In the Petition, Petitioner alleges his federal constitutional rights have been violated due to ineffective assistance of counsel and a rushed process as to his judgment and appears to allege that judgment could have been expunged after the completion of probation as part of the plea deal in that case. *See* ECF No. 1 at 6-8. However, upon review, Petitioner is not currently in custody pursuant to a judgment of a state court, as he is currently in the custody of federal immigration authorities. *See id.* at 5, 13. Moreover, it appears Petitioner has completed his probation sentence arising from the state court judgment he is attempting to challenge, as documents attached to the Petition reflect his probation sentence expired on March 6, 2024. *See id.* at 12. Thus, any federal habeas challenge to Petitioner's current detention is properly brought under 28 U.S.C. § 2241, not 28 U.S.C. § 2254. As the Ninth Circuit has explained:

> Section 2254 is properly understood as "in effect implement(ing) the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (additional citations omitted)).

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Here, Petitioner may not challenge the constitutional validity of his 2-year probation sentence via a § 2254 petition because he was no longer in actual custody pursuant to that conviction and does not show he was in constructive custody (e.g., parole or probation) at

the time he constructively filed the Petition in this case on September 16, 2024.[1] *See Brock*, 31 F.3d at 889. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement).

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." R. 4, Rules Governing Section 2254 Cases (2019). Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he was not in the custody of the State of California when he filed his § 2254 Petition in this Court. Accordingly, the Court must dismiss the action.

### III. FAILURE TO NAME A PROPER RESPONDENT

In addition, Petitioner has failed to name a proper respondent. The federal habeas statute provides that the respondent to a habeas application is "the person who has custody over him." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.") "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the

---

[1] The Petition is filed-stamped September 23, 2024, and while Petitioner signed and dated the federal Petition on September 16, 2024, he did not indicate on the Petition or attachments when he handed it to correctional officers for mailing to the Court. (*See* ECF No. 1 at 11; *see* ECF No. 1 *generally*.) Even were the Court to give Petitioner the benefit of the "mailbox rule" and consider the filing date of the Petition to be the earlier of those two dates, it would make no difference to the outcome, given available records reflect the expiration of Petitioner's probation was over six months ago. (*See id.* at 12); *see Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) ("Under the 'prison mailbox rule' of *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court.") (internal citations omitted).

proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004) (citations omitted). Here, Petitioner has improperly named "Vista Superior Court" as Respondent. ECF No. 1 at 1. In order to proceed on federal habeas, whether pursuant to § 2254 or § 2241, Petitioner must name as Respondent the official in charge of the facility in which he is currently confined. *See* 28 U.S.C. §§ 2242, 2243.

Accordingly, the instant Petition is also subject to dismissal for failure to name a proper Respondent.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the case without prejudice.[2] The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: October 2, 2024

_____
Hon. Robert S. Huie
United States District Judge

---

[2]  The Court would ordinarily direct the Clerk to send Petitioner a blank In Forma Pauperis Application and a blank 28 U.S.C. § 2241 Habeas Petition form together with a copy of this Order, but such action appears unnecessary in this instance given Petitioner has recently filed two separate habeas cases pursuant to 28 U.S.C. § 2241 challenging his federal detention, of which the Court takes judicial notice. *See* ECF No. 1 in So. Dist. Ca. Case No. 24cv1562 AGS (AHG) (filed Aug. 30, 2024), ECF No. 1 in So. Dist. Ca. Case No. 24cv1576 AJB (BLM) (filed Aug. 30, 2024); *see United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.") (citing Fed. R. Evid. 201(b) and *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004)).