UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOD RAO,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, et al.,<br><br>　　　　　　　Respondents. | Case No.:  24cv1716 RSH (MSB)<br><br>**ORDER DISMISSING AMENDED PETITION WITHOUT PREJUDICE** |

On September 23, 2024—Petitioner, who was at that time a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se—filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a San Diego Superior Court judgment of conviction and resulting sentence to two years of probation. ECF No. 1. On October 2, 2024, the Court dismissed the case without prejudice for failure to satisfy the filing fee requirement, because Petitioner was not in actual custody pursuant to a state court judgment at the time of his filing, and for failure to name a proper respondent. ECF No. 4. The Court noted that given Petitioner was in the custody of federal immigration authorities at the time he filed the Petition, any federal habeas challenge to his current detention was properly brought under 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and the Court additionally took judicial

1

notice of the fact that Petitioner had recently filed two separate federal habeas cases pursuant to 28 U.S.C. § 2241 challenging his federal detention. *See id.* at 2, 4 n. 2.

On October 28, 2024, Petitioner filed an Amended Petition again challenging this same San Diego Superior Court judgment of conviction and sentence, and on October 29, 2024, Petitioner paid the $5.00 filing fee. ECF Nos. 9, 10.  Upon review, and for the reasons discussed below, the Amended Petition is again dismissed without prejudice.

## I. DISCUSSION

Petitioner has now satisfied the filing fee requirement by paying the $5.00 filing fee (*see* ECF No. 9) and has also now named Christoper J. LaRose, the Warden of the Otay Mesa Detention Center, as the primary Respondent to this action. *See* ECF No. 10 at 1, 6. However, upon review, the Amended Petition is still subject to dismissal because it is not properly brought under 28 U.S.C. § 2254.

First, Petitioner was not in custody pursuant to a judgment of a state court at the time of filing. At the time Petitioner filed his original Petition in this case, he was instead in the custody of federal immigration authorities. *See* ECF No. 1 at 5, 13; *see also* ECF No. 10 at 6-7. Second, as the Court previously noted (*see* ECF No. 4 at 2), and Petitioner now acknowledges, Petitioner has completed his probation sentence arising from the state court judgment he is attempting to challenge, as that probation sentence expired on March 6, 2024. *See* ECF No. 10 at 8.

Again, "[s]ubject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

///

///

Petitioner presently attempts to satisfy the "in custody" requirement by explaining that "[a]lthough Petitioner's probation expired on March 6, 2024, he was taken into federal immigration custody on March 5, 2024, meaning he was still 'in custody' at the time of filing his initial habeas petition," and asserting that he "remains affected by the ongoing immigration consequences of the conviction, as he has been deported and is permanently inadmissible to the United States." ECF No. 10 at 8. However, as the Court also previously explained (*see* ECF No. 4 at 2-3), Petitioner may not challenge the constitutional validity of his two-year probation sentence via a § 2254 petition because he was no longer in actual custody pursuant to that conviction nor was he in constructive custody (e.g., parole or probation) at the time he filed the original Petition in this case.[1] *See Brock*, 31 F.3d at 889. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement).

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." R. 4, Rules Governing Section 2254 Cases (2019). Here, it is plain from the Amended Petition that Petitioner is not presently entitled to federal habeas relief because he was not in the custody of the State of California pursuant to the state court judgment under attack when he filed his § 2254 Petition in this Court. Accordingly, the Court must again dismiss the action.

---

[1] As the Court previously noted (*see* ECF No. 4 at 3 n. 2), despite the fact that Petitioner does not indicate when he handed the original Petition to correctional officers for mailing, even were the Court to consider the filing date for that Petition to be September 16, 2024, the date Petitioner signed it, it would make no difference to the outcome, as records reflect and Petitioner now acknowledges that his probation sentence expired over six months prior to filing. *See* ECF No. 1 at 12; *see also* ECF No. 10 at 8.

1 | **II.    CONCLUSION**

2 |     For the reasons discussed above, the Court **DISMISSES** the Amended Petition

3 | without prejudice.

4 |     **IT IS SO ORDERED.**

5 | Dated:  December 2, 2024

                                            */s/ Robert S. Huie*
                                            Hon. Robert S. Huie
                                            United States District Judge